Honorable Margarita Prentice State Senator, 11th District PO Box 40600 Olympia, WA 98504-0600
Dear Senator Prentice:
By letter previously acknowledged, you have requested our opinion on the following questions:
 Does RCW 9.41.240 or any other statute prohibit the hiring of 18-20 year old persons as police officers or prison guards?
 Does Washington law prohibit the hiring of 18-20 year old persons as firefighters or paramedics?
 BRIEF ANSWERS
We answer both of your questions in the negative. We have not been able to identify any statute that would establish a minimum age of 21 for any of the positions about which you inquire. We have also been unable to identify any statute that would indirectly set such a minimum age by prohibiting a person under age 21 from performing any necessary duty of the position. We therefore conclude that state law does not prohibit the hiring of a person aged 18 to 20 in these positions, provided that the person is otherwise fully qualified.
 DISCUSSION
Your first question, repeated for ease of reference, inquired:
1. Does RCW 9.41.240 or any other statute prohibit the hiring of18-20 year old persons as police officers or prison guards?
State law does not specifically set a minimum age for employment as a law enforcement officer or prison guard. While state law includes provisions governing civil service commissions for city police and county sheriffs, neither of those chapters establish a minimum age. RCW 41.12.070 (qualifications for city police)[1]
and RCW 41.14.100 (qualifications for deputy sheriffs). State law also provides the chief of the state patrol with the authority to appoint competent persons to act as state patrol officers, but specifies no minimum age. RCW 43.43.020. Our examination of state law does not disclose any other statutes that prohibit hiring individuals aged 18 to 20 in those capacities.
State law does set training requirements for law enforcement personnel and corrections personnel.[2] Under those statutes, both police officers and prison guards are required to complete training that meets standards adopted by the Washington State Criminal Justice Training Commission. RCW 43.101.200 (law enforcement personnel); RCW 43.101.220 (corrections personnel). This would necessarily mean that the individuals would have to be at least old enough to complete the training. The commission's rules, however, do not specify a minimum age. See generally WAC 139-05. Accordingly, we are unable to identify any statute that directly prohibits the hiring of individuals within this age range.[3]
In order to consider your question more fully, we should inquire as to whether other statutes might have the effect of indirectly precluding the hiring of individuals under age 21 by prohibiting them from doing something necessary to the performance of the job. The statute cited in your question is a good example. That statute restricts the possession of a pistol by individuals at least 18 years of age but less than 21 years of age. RCW 9.41.240. Upon examination, it seems clear that this statute does not prohibit a person aged 18 to 20 from possessing a pistol in the course of employment as a police officer or prison guard.[4]
The statute begins by stating a series of exceptions. It provides that the prohibition against under-age possession applies "[u]nless an exception under RCW 9.41.042, 9.41.050, or 9.41.060
applies". Id. Of those statutes, RCW 9.41.042 and 9.41.050 are clearly inapplicable.[5] The remaining statute provides a series of exceptions to the prohibition stated in RCW 9.41.050 against carrying a concealed pistol on the person, or carrying a pistol in a vehicle. RCW 9.41.060. Among the exceptions is one for "Marshals, sheriffs, prison or jail wardens or their deputies, or other law enforcement officers of this state or another state". RCW 9.41.060(1).
This provision has the effect of exempting individuals aged 18 to 20 who are employed as law enforcement officers or prison guards from the prohibition against an individual of that age possessing a pistol. RCW 9.41.240. It is true that RCW 9.41.060 itself is phrased as an exception to RCW 9.41.050, rather than to RCW9.41.240. The Legislature's explicit reference to it in RCW9.41.240 clearly demonstrates the intent that the exceptions stated in RCW 9.41.060 are to apply to RCW 9.41.240 as well as to RCW 9.41.050.
It therefore follows that, because RCW 9.41.240 does not prohibit a person aged 18 to 20 from possessing a pistol if that person is employed as a law enforcement officer or prison guard, the statute would not prohibit the employment of such a person in those capacities.
Similarly, the potential necessity for a police officer to enter a premises licensed to sell alcoholic beverages might be a concern in hiring a person under age 21. State law, however, expressly exempts law enforcement officers who are at least 18 years old from the general prohibition against entering such a business. RCW66.44.316. Therefore, assuming that the officer is at least 18 years old, this would not preclude the officer from performing the necessary duties of the position.[6]
Our inquiry has not produced any other statute that would indirectly prevent a person aged 18 to 20 from being employed either as a police officer or as a prison guard. The Legislature's decision to except individuals employed as law enforcement officers from prohibitions against possessing a pistol or entering a business licensed to sell alcohol indicates a legislative acknowledgement that such individuals might be employed in those capacities.[7] We therefore answer your first question in the negative, concluding that state law does not prohibit a person between the ages of 18 and 20 from being employed as a police officer or prison guard.
Your second question, repeated for ease of reference, inquired:
2. Does Washington law prohibit the hiring of 18-20 year oldpersons as firefighters or paramedics?
Our analysis of this question is similar to that of your first question. We are able to locate no statute establishing a minimum age for employment as a firefighter or paramedic. We are similarly unable to identify any statute that would provide an indirect obstacle, preventing a person aged 18 to 20 from performing the duties of these positions.[8]
For this reason, we also answer your second question in the negative. Washington law does not prohibit the hiring of individuals aged 18 to 20 as fire fighters or paramedics.
As a final word regarding both of your questions, our analysis does not consider whether an individual agency could adopt a policy against hiring anyone who has not yet reached his or her twenty-first birthday.[9] We simply conclude that state law does not prohibit the hiring of individuals who are at least 18 but not yet 21 as police officers, prison guards, fire fighters, or paramedics.
We trust that this analysis will be of assistance.
Very truly yours,
CHRISTINE O. GREGOIRE Attorney General
JEFFREY T. EVEN Assistant Attorney General
[1] This statute comes the closest of any we have identified to providing a minimum age, by stating that an applicant for a city police position "must be of an age suitable for the position applied for". Id. The corresponding statute applicable to applicants for deputy sheriff is silent on this point. RCW41.14.100.
[2] The terms "law enforcement personnel" and "correctional personnel" are defined with sufficient breadth to include police officers and prison guards, respectively. RCW 43.101.010(3), (5).
[3] Similarly, the statute setting the minimum qualifications for appointment as a city chief of police does not specify a minimum age, although in most instances the minimum experience requirement for that office would have the practical effect of excluding a person aged 18 to 20. RCW 35.21.333(1)(f).
[4] Federal law might present additional issues regarding the manner in which an officer under age 21 could acquire a firearm, but those details exceed the scope of your questions. See18 U.S.C. § 922(b)(1) (prohibiting licensed firearms dealers from selling or delivering pistols to individuals aged between 18 and 21); 18 U.S.C. § 925(a)(1) (providing certain exceptions for governmental bodies from the restrictions of section 922).
[5] The first of those statutes relates only to permissible possession of firearms by children under the age of 18. RCW9.41.042. The second prohibits the carrying of a concealed pistol, "[e]xcept in the person's place of abode or fixed place of business". RCW 9.41.050(1). A police officer would presumably not have a fixed place of business and, given our resolution of your question in another respect, we need not consider whether the same would be true of a prison guard.
[6] Our earlier analysis in AGO 1972 No. 12 is not to the contrary. We wrote that opinion prior to the enactment of RCW66.44.316. We concluded that local civil service commissions for sheriff's offices were legally authorized to establish a minimum age of 21 for deputy sheriffs, noting that such a restriction was rational in light of the prohibition against a person under age 21 entering a tavern. AGO 1972 No. 12 at 7. That restriction is no longer applicable pursuant to RCW 66.44.316. Moreover, you have asked whether state law establishes a minimum age, and not whether a local civil service commission is authorized to set one on a purely local level. This opinion, therefore, answers a different question than the one posed in our earlier opinion.
[7] In fact, we note that the Legislature enacted the statute authorizing law enforcement officers under age 21 to enter taverns the next year after we issued AGO 1972 No. 12. Laws of 1973, 1st Ex. Sess., ch. 96, § 1.
[8] The same statute that allows law enforcement officers under age 21 to enter a business licensed to sell alcohol also applies to fire fighters. RCW 66.44.316.
[9] See RCW 41.12.070 (providing, in a chapter governing civil service commissions for city police, that police department job applicants "must be of an age suitable for the position applied for"); and AGO 1972 No. 12 at 7 (concluding that local civil service commissions for county sheriffs' offices can set appropriate minimum age limits). We also understand that the Washington State Patrol has a policy of requiring that commissioned officers be at least 21 years of age.